Doroteo ANTONIO–HERNANDEZ, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 09–70402.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 15, 2011.*

Filed March 9, 2011.

Howard Dawson, Esquire, Los Angeles, CA, for Petitioner.

Dana Michelle Camilleri, Laura Gann, Trial, DOJ—U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

MEMORANDUM **

Doroteo Antonio–Hernandez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), and we deny the petition for review.

To the extent we have jurisdiction to review the BIA's denial of Antonio–Hernandez's motion to reopen, *see Fernandez v. Gonzales*, 439 F.3d 592, 601 (9th Cir. 2006), we conclude that the BIA did not abuse its discretion in determining that the evidence was insufficient to warrant reopening, *see Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (BIA's denial of a motion to reopen shall be reversed if it is "arbitrary, irrational, or contrary to law").

To the extent Antonio–Hernandez contends that the BIA failed to consider all of the evidence he submitted with the motion to reopen, he has not overcome the presumption that the BIA did review the record. *See Fernandez*, 439 F.3d at 603.

Finally, Antonio–Hernandez's contentions that the BIA failed to accept his mother's statement as true and violated 8 C.F.R. § 1003.2(c)(1) are not supported by the record.

PETITION FOR REVIEW DENIED.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.